UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMY L. TUTORA,

                     Plaintiff,

v.

CORRECT CARE SOLUTIONS, LLC;
DOCTOR FELDMAN,

                     Defendants.

No. 17-CV-9169 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, United States District Judge:

On March 27, 2019, the Court issued an Opinion & Order dismissing Plaintiff's claims without prejudice and giving him 30 days to file an amended complaint. (*See* Op. & Order (Dkt. No. 37).) Plaintiff did not file an amended complaint. On October 25, 2019, nearly seven months after the Opinion & Order was issued, the Court issued an Order to Show Cause as to why the case should not be dismissed for failure to prosecute. (Order to Show Cause (Dkt. No. 38).) The Court noticed that the Order to Show Cause had inadvertently not been mailed to Plaintiff, and, therefore, on December 4, 2019, issued a Memo Endorsement instructing the Clerk of Court to mail the Order to Show Cause to Plaintiff and giving Plaintiff another month to amend. (*See* Dkt. No. 39.) On January 23, 2020, Plaintiff filed a letter requesting a "reassignment" of his case to a new judge, but without attaching any amended pleading or otherwise meritorious argument justifying his delay in amending his Complaint. (*See* Dkt. No. 40.) In response, on January 29, 2020, the Court issued a Memo Endorsement explaining the status of Plaintiff's numerous cases filed with this Court and providing Plaintiff with yet another 30 days to amend. (*See* Dkt. No. 41.) Plaintiff has still failed to amend.

This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (internal quotation mark omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). The Second Circuit has further cautioned, "pro se plaintiffs should be granted special leniency regarding procedural matters." *Id.* (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "However, even pro se litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the [c]ourt gives warning." *Jacobs v. County of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209). No single factor is dispositive. *See LeSane*, 239 F.3d at 210; *Hardimon*, 2014 WL 2039116, at *1.

The Court concludes that these factors weigh in favor of dismissal of this Action. Plaintiff filed the Complaint on November 21, 2017. (Compl. (Dkt. No. 1).) Following motion practice, the Court dismissed Plaintiff's claims without prejudice and gave Plaintiff 30 days to file an amended complaint, warning that if Plaintiff did not meet this deadline, "his claims may be dismissed with prejudice." (Op. & Order 12.) The Clerk of Court mailed a copy of the Opinion & Order to Plaintiff. (*See* Dkt. (entry for Mar. 28, 2019).) When Plaintiff did not amend within 30 days or otherwise communicate with the Court, the Court issued the Order to Show Cause on October 25, 2019, stating that "[t]he Court may dismiss this case with prejudice without further notice in the event that good cause is not shown" within 30 days. (Order to Show Cause 1.) The Order to Show Cause was eventually mailed to Plaintiff on December 5, 2019, and the Court extended his deadline to respond to it to January 10, 2020. (*See* Dkt. No. 39; Dkt. (entry for Dec. 5, 2019).) In response to Plaintiff's meritless letter requesting a "reassignment," (Dkt. No. 40), the Court issued yet another Memo Endorsement giving Plaintiff another 30 days to amend, (Dkt. No. 41). This Memo Endorsement was mailed to Plaintiff on February 7, 2020, (Dkt. (entry for Feb. 7, 2020)), but Plaintiff has still failed to amend. It has been nearly a year since the Court issued its Opinion & Order dismissing Plaintiff's claims and providing him with an opportunity to amend. (*See* Op. & Order.) Plaintiff has made no submissions regarding the substance of his case since his Opposition to Defendants' Motion To Dismiss in August 2018. (*See* Dkt. No. 31.)

Accordingly, this Action is dismissed without prejudice for failure to prosecute. *See Osborn v. City of New York*, No. 15-CV-9730, 2018 WL 2059944, at *3 (S.D.N.Y. Apr. 6, 2018) (dismissing case where the plaintiff had "gone incommunicado . . . for at least five months, a duration of sufficient significance so as to tip in favor of dismissal as a matter of law"), *adopted by* 2018 WL 2059842 (S.D.N.Y. May 1, 2018), *appeal dismissed* No. 18-1639, 2019 WL 2369924 (2d Cir. Jan. 16, 2019); *Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (noting that "a pro se plaintiff is not exempt from complying with court orders and must diligently prosecute his case").

The Clerk of Court is directed to mail a copy of this Order to Plaintiff and to close this case.

SO ORDERED.

DATED: March 11, 2020
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE